UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-14092-CIV-CANNON/MAYNARD

WILLIAM B. CROSBY, III,

      Plaintiff,

v.

TOWN OF INDIAN RIVER SHORES,

      Defendant.

_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S
## SECOND AMENDED MOTION FOR PARTIAL REMAND

Plaintiff William B. Crosby ("Crosby") has filed this action against Defendant Town of Indian River Shores for alleged violation of Crosby's rights to free speech and association guaranteed by the First Amendment under 42 U.S.C. § 1983.  Pending before the Court is Crosby's Second Amended Motion for Partial Remand ("Motion") pertaining to an appellate fees issue stemming from prior state court proceedings.  DE 19.  Defendant has filed a Response in Opposition, DE 21, asserting that this Court should deny the Motion as partial remand is not appropriate for various reasons.  No timely reply was filed.  Presiding U.S. District Judge Aileen M. Cannon has referred the Motion to me for a report and recommendation.  DE 20.

Having reviewed the parties' briefing and applicable law, I respectfully recommend that the Motion be **DENIED** for the following reasons.

## BACKGROUND

The following background facts draw principally from Crosby's operative First Amended Complaint.  DE 1-2.  Crosby was employed as a public safety officer and served as the President

1

of the Collective Bargaining Agent representing public safety officers employed by the Defendant Town of Indian River Shores ("the Town") from December 2012 to December 2019. *Id.* ¶ 6. Crosby also served as a Trustee and Chair for the Department of Public Safety Pension Board for the Town of Indian River Shores from April 2012 to February 2021. *Id.* While Union President, Crosby was involved in contentious union negotiations to improve the salary and benefits of the Town's Public Safety officers from 2012 until 2019. *Id.* The former Town Manager, Joe Griffin, allegedly opposed Crosby's involvement in contract negotiations and sought to have Crosby terminated from employment with the Town. *Id.* ¶ 7.

Town officials allegedly engaged in several illegal acts against Crosby in retaliation for his union activities, including publicly filing an ethics complaint, seeking his prosecution, and attempting to have him investigated by the police. *Id.* ¶¶ 11-12. Crosby also claims he faced harassment and retaliation from his supervisor through an unreasonable shift change, which interfered with his ability to care for his elderly father with dementia. *Id.* ¶ 14. Crosby asserts these actions forced him to resign and violated his First Amendment rights. *Id.* ¶¶ 16-17.

On July 29, 2021, Crosby and a former co-plaintiff, Richard Villars, initiated this case in the Circuit Court of the Nineteenth Judicial Circuit in Indian River County, Florida. DE 1-3 at 4. Their complaint included state law claims for declaratory judgment (Count I), defamation (Count II), malicious prosecution (Count III), and tortious interference (Count IV). The Town responded on September 20, 2021, with a motion to dismiss for violation of Florida's Anti-SLAPP statute[1] and for failure to state a cause of action. *Id.* at 46. The state trial court granted the motion and

---

[1] Strategic Lawsuit Against Public Participation ("SLAPP") lawsuits, are "civil lawsuits and counterclaims ... filed against countless citizens, businesses, and organizations because of their valid exercise of their right to petition, including seeking relief, influencing action, informing, communicating, and otherwise participating with government bodies, officials, or employees or the electorate." *See Crosby v. Town of Indian River Shores*, 358 So. 3d 444, 446 (Fla. 4th DCA 2023) (quoting Ch. 00-174, Laws of Florida). Florida's Anti-SLAPP statute was enacted to stop such lawsuits in order to "protect the right in Florida to exercise the rights of free speech in connection with public issues." *Id.* (citing Fla. Stat. § 768.295(1)).

2

dismissed the complaint against the Town with prejudice based on Florida's Anti-SLAPP statute and the First Amendment. *See Crosby v. Town of Indian River Shores*, 358 So. 3d 444, 446 (Fla. 4th DCA 2023). The trial court alternatively held that even if the Anti-SLAPP statute did not apply, it would still dismiss the complaint for failure to state a cause of action, but such dismissal would be without prejudice. *Id.*

Crosby alone appealed to Florida's Fourth District Court of Appeal ("Fourth DCA"), while Villars did not. *Id.* On March 29, 2023, the Fourth DCA reversed the state trial court's dismissal with prejudice and remanded, holding that Florida's Anti-SLAPP statute does not protect governmental entities. *Id.* at 446-47. More specifically, the Fourth DCA held that Florida's Anti-SLAPP statute "protects a 'person' or 'entity' from lawsuits filed by governmental entities and persons … to prevent abuse and to protect the right of the citizens to participate in our government." *Id.* at 447. The statute decidedly does not "protect the government entities themselves." *Id.* Thus, the *Crosby* court concluded that the statute applies only when a governmental entity sues a person and not in a case like Crosby's where the claim is brought "*against* a governmental entity, the Town." *Id.* (emphasis in original). Although the Fourth DCA differed with the trial court on the applicability of the Anti-SLAPP statute, it agreed with the trial court that Crosby's complaint "failed to state a cause of action" and reversed and remanded the case for the trial court to allow Crosby the opportunity to amend his complaint if he could. *Id.* at 448.

Also, on March 29, 2023, the Fourth DCA entered a separate single-paragraph order, stating: "[Crosby's] August 25, 2022 motion for appellate attorney's fees is granted conditioned on the trial court determining that [Crosby] is the prevailing party and, if so, setting the amount of the attorney's fees to be awarded for this appellate case." DE 1-3 at 201.

On March 22, 2024, roughly one year after the Fourth DCA's remand order, Crosby filed his First Amended Complaint in the Circuit Court of the Nineteenth Judicial Circuit in Indian River County, Florida.   Unlike the prior complaint, which contained four state law claims, the First Amended Complaint contained only a single claim against the Town for alleged violation of Crosby's First Amendment rights under § 1983.   DE 1-2.   On April 1, 2024, the Town timely removed the case to federal court on grounds of federal question jurisdiction.   DE 1.   Then, on April 8, 2024, the Town filed its Answer and Affirmative Defenses.   DE 3.

On May 10, 2024, Crosby filed the instant Motion asking the Court to "remand part of this case pertaining to the appellate fees issue" to the Circuit Court of the Nineteenth Judicial Circuit in and for Indian River County, Florida.   DE 19 at 3.   This matter is now ripe for review.

## ANALYSIS

A defendant may remove a civil case from state court to federal court if the case originally could have been filed in federal court.   28 U.S.C. § 1441(a).   A civil case can be brought in federal court when (1) it raises a federal question (28 U.S.C. § 1331); (2) there is diversity of citizenship and an amount in controversy exceeding $75,000 (28 U.S.C. § 1332(a)); or (3) another statute specifically grants such jurisdiction.   *Butler v. Morgan*, 562 F. App'x 832, 834 (11th Cir. 2014) (citing *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997)).

The defendant removing an action must file a notice of removal in the federal court with a "short and plain statement of the grounds for removal" and copies of the required state court documents no later than 30 days after receiving the initial pleading "through service or otherwise." 28 U.S.C. §§ 1446(a), (b).   "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.   An order remanding the case may

require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added).

Here, Crosby's Motion does not challenge this Court's jurisdiction over the sole federal question raised in his single-count operative complaint. Instead, Crosby seeks to "partially remand" a discrete issue involving appellate fees back to state court. Crosby asserts that the fees should be determined in state court, suggesting that state law claims are best adjudicated in state rather than federal courts. In response, the Town asserts that the appellate fees issue is moot, as Crosby has abandoned all claims and defenses considered by the Fourth DCA, preventing him from being the "prevailing party" on any of those claims. The Town further argues that Crosby's request is premature, given the absence of a final judgment resulting in the lack of established prevailing party status. Moreover, the Town contends that this Court should exercise supplemental jurisdiction over the state-court appellate fees issue, as it arises from the same common nucleus of operative facts concerning Crosby's termination. The Town also emphasizes that retaining federal jurisdiction promotes judicial economy and consistencies, avoiding the procedural complications that could arise from partial remand.

Partial remand embodies an unusual judicial concept. Traditionally, courts have been wary of imposing partial remand in many contexts. 28 U.S.C. § 1447(c), relating to motions to remand generally, does not give a federal district court discretion to remand only part of an action. *See Wilson v. New York Terminal Warehouse Co.*, 398 F. Supp. 1379 (M.D. Ala. 1975). In the Eleventh Circuit, cases that refer to partial remand primarily relate to attempted removal of cases involving worker's compensation benefit claims, which are nonremovable under 28 U.S.C. § 1445(c). *See, e.g., Lamar v. Home Depot*, 907 F. Supp. 2d 1311, 1317 (S.D. Ala. 2012) (severing and remanding a claim for worker's compensation benefits while retaining jurisdiction of other,

removable claims); *Logan v. McKinney Drilling, LLC*, 2021 WL 354462 (S.D. Ala. Feb. 2, 2021) (remanding a nonremovable worker's compensation claim to state court while maintaining jurisdiction over other removable claims).  In addition to workers' compensation claims, other nonremovable actions under 28 U.S.C. § 1445 include cases brought in state court arising under section 40302 of the Violence Against Women Act, or civil actions against railroads, carriers (except that carrier cases involving shipments may be removed if the controversy exceeds $10,000, exclusive of interest and costs).  A claim for state appellate court attorney's fees is not among those that are nonremovable under 28 U.S.C. § 1445.  I have found no precedent or statutory authority supporting the application of a partial remand in this case, nor has Crosby provided any. As discussed further below, the cases cited by Crosby are either not applicable or distinguishable.

In addition to the lack of legal support, two independent reasons support the denial of Crosby's request for partial remand.[2]  First, the discrete issue Crosby seeks to remand is premature since no final judgment has been issued and, therefore, "prevailing party" status has not been determined.  Second, even assuming *arguendo* that the issue is or becomes ripe for resolution, there is no reason this Court cannot exercise supplemental jurisdiction over the issue of entitlement to appellate fees at the appropriate time in this case.  Both reasons are discussed in turn below.

A.      **The state-court appellate fees issue is premature, considering there has been no final judgment.**

The matter of state-court appellate fees is premature as a final judgment has yet to be issued, which means, in turn, that neither Crosby nor the Town enjoy prevailing party status at this time. Presently, Crosby has abandoned each of his claims that the state trial and appellate level courts considered.  He has also not presented any new claims that either of these state courts

---

[2] Defendant's argument that this Court should deny Crosby's motion because the state-court appellate fees issue is moot need not be reached in light of this report's findings in Defendant's favor on the other two arguments raised.

considered.  On the same day that the Fourth DCA issued its opinion relating to Crosby's original

complaint, it also entered its order regarding Crosby's motion for appellate attorney's fees, stating:

"[Crosby's] August 25, 2022 motion for appellate attorney's fees is granted **conditioned on the**

**trial court determining that [Crosby] is the prevailing party** and, if so, setting the amount of

the attorney's fees to be awarded for this appellate case."  DE 1-3 ¶ 201 (emphasis added).  This

order makes clear that the award of appellate attorney's fees to Crosby is contingent upon his

success in securing prevailing party status.  Because Crosby has since abandoned every claim and

defense that the Fourth DCA considered, it is not clear at this juncture in the proceedings that he

is able to establish prevailing party status on any of these claims.

To qualify as a prevailing party, a plaintiff must obtain at least some relief on the merits of

his or her claim that directly benefits the plaintiff at the time of the judgment.  *Farrar v. Hobby*,

506 U.S. 103, 111 (1992).  The Supreme Court stated:  "In short, a plaintiff 'prevails' when actual

relief on the merits of his claim materially alters the legal relationship between the parties by

modifying the defendant's behavior in a way that directly benefits the plaintiff."  *Rhodes v.*

*Stewart*, 488 U.S. 1, 111-12 (1998).  Florida courts use the same standard as federal courts for

"prevailing party" status, even in cases involving Florida's anti-SLAPP statute.  *See Moritz v. Hoyt*

*Enterprises, Inc.*, 604 So. 2d 807, 809-10 (Fla. 1992) ("We agree that the party prevailing on the

significant issues in the litigation is the party that should be considered the prevailing party for

attorney's fees"); *Bongino v. Daily Beast Co., LLC*, 477 F. Supp. 3d 1310, 1323-24 (S.D. Fla.

2020) (prospectively granting fees under Florida's anti-SLAPP statute "as to its applicability in

this federal case" and permitting a defendant to file an appropriate motion *at the close of the case*).

In the present case, no court has yet entered a final judgment, resulting in neither Crosby

nor the Town enjoying prevailing party status.  Crosby's victory on the anti-SLAPP issue is, for

him, a favorable statement of law that is insufficient to definitively bestow prevailing party status

for purposes of assessing fees at this juncture.  Therefore, considering there has been no final

judgment, it would be premature to consider the state-court appellate fees issue.

B.     **As Crosby's prior and former causes of action all stem from the same common nucleus of operative facts, this Court can exercise supplemental jurisdiction over the state-court appellate fees issue.**

Alternatively, to the extent the state court appellate fees issue is or becomes ripe for

resolution, this Court retains the authority to exercise supplemental jurisdiction over this issue.

This is true because Crosby's prior and former causes of action arise from the same controversy.

When a federal court has jurisdiction, it also has a "virtually unflagging obligation" to exercise

that authority.  *Mata v. Lynch*, 576 U.S. 143, 150 (2015); *Reynolds v. Behrman Cap. IV L.P.*, 988

F.3d 1314, 1320 (11th Cir. 2021).

Under 28 U.S.C. § 1367(a),

> In any civil action of which the district courts have original jurisdiction, the district
> courts shall have supplemental jurisdiction over all other claims that are so related
> to claims in the action within such original jurisdiction that they form part of the
> same case or controversy under Article III of the United States Constitution.

Considering that Crosby's conditional claim for state-court appellate attorney's fees arose

out of this action, it may be considered part of the same "case or controversy" as stated under

U.S.C. § 1367(a).  Although the causes of action have changed since the case was before the Fourth

DCA, Crosby's prior and former causes of action all arise out of the same common nucleus of

operative facts.  That is, they all stem from the termination of Crosby's employment with the Town

and the ensuing results.  Consequently, to the extent the issue becomes one requiring a judicial

determination, there is no apparent reason why the Court should not exercise supplemental

jurisdiction over this issue.

Crosby asserts that state court is the more appropriate forum to adjudicate this matter, asserting that the appellate attorney's fees issue is fundamentally a state issue. Crosby relies on *Silas v. Sheriff of Broward Cty.*, 55 F.4th 863, 866 (11th Cir. 2022), where the Eleventh Circuit emphasized what it deemed to be concerns of federalism according to which state-law claims should be dismissed once federal-law claims are dismissed. The *Silas* court was primarily concerned about federal courts with limited jurisdiction weighing in on state law issues. This concern is absent in this case, considering that no federal or state law claims have been finally adjudicated. Nor does determining a conditional award of appellate attorney's fees raise the concerns cited by the Eleventh Circuit in *Silas*. Because Crosby abandoned his former state law claims and is now asserting a new federal law claim that remains undecided, there is no apparent reason for any court to engage in any novel or difficult construction of state law to resolve the state-court appellate fees issue at this juncture. Consequently, there is nothing that would counsel in favor of not exercising federal jurisdiction.

Crosby also purports to rely upon *Lee v. Am Nat'l Ins. Co.*, 260 F.3d 997 (9th Cir. 2001), which addresses application of the removal provision of § 1447(c). In *Lee*, the plaintiff filed suit for undelivered life insurance dividends. *Lee*, 260 F.3d at 999. While the defendant's subsidiary issued similar policies, the plaintiff did not purchase one. *Id.* The case was removed to district court, which held that the plaintiff lacked standing due to not purchasing from the subsidiary. *Id.* The court of appeals upheld the removal under § 1441(a) and stated the case could not be entirely remanded to state court due to subject matter jurisdiction over part of the case under § 1447(c). *Id.* Crosby cites an excerpt from *Lee* concerning the "possibility" of retaining claims over which a federal court has subject matter jurisdiction while remanding those claims over which it does not. Crosby attempts to utilize this reasoning in *Lee* as support for his request for a partial remand.

However, *Lee* is not precedent in this circuit.  Moreover, the *Lee* court declined to decide whether a partial remand in that case would be appropriate because the appellant did not adequately raise the issue on appeal.  *Id.* at 1008.  Here, by notable contrast, there are no mixed jurisdiction claims. There is only one First Amendment claim over which this Court has clear jurisdiction.

Crosby confusingly asserts that the state court is equally capable of adjudicating First Amendment claims, as though this principle provides support for his request for partial remand.[3] However, Crosby does not seek to remand his § 1983 action raising First Amendment claims. Instead, he seeks only to remand a discrete issue involving appellate fees.  Thus, this argument about the capacity of state courts to adjudicate constitutional claims is a red herring.  Crosby has neither argued that partial remand would support judicial economy nor has he provided any persuasive authority supporting his partial remand request.  This case does not involve a combination of claims over which the Court has jurisdiction and claims over which the Court may not.  It is undisputed that this Court has federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1334 over Crosby's sole First Amendment claim.  A partial remand to state court at this juncture would procedurally complicate this case, could lead to differing judicial determinations, and would lessen judicial economy.

## CONCLUSION

In sum, this Court indisputably has federal question jurisdiction over Crosby's sole First Amendment claim.  Crosby does not seek to show otherwise.  Instead, he seeks a partial remand of a discrete state court appellate fees issue without citation to any supporting legal authority.  The

---

[3] On one hand, Crosby states, "[t]here is longstanding authority for the State court to adjudicate First Amendment claims."  DE 19 at 4 (citing *Town of Lake Clarke Shores v. Page*, 569 So.2d 1256 (Fla. 1990) (holding that sovereign immunity does not bar § 1983 claims against municipalities in state courts)).  On the other hand, Crosby simultaneously concedes that "[he] has no argument against [this federal court] adjudicating the First Amendment claim" here.  *Id.*

fees issue is premature in the absence of any final judgment.  Alternatively, this Court retains the authority to exercise supplemental jurisdiction over the issue.  Partial remand is squarely inappropriate and would serve only to needlessly procedurally complicate this case.  Therefore, I respectfully **RECOMMEND** that Plaintiff's Second Amended Motion for Partial Remand, DE 19, be **DENIED**.

<u>**NOTICE OF RIGHT TO OBJECT**</u>

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Aileen M. Cannon.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

DONE AND RECOMMENDED in Chambers at Fort Pierce, Florida, this 28th day of June, 2024.

SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE